# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>D. DAVEY,<br><br>        Defendant. | Case No. 1:16-cv-01655-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE<br><br>(ECF No. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 17, 2016, in the Northern District of California. (ECF No. 1.) On October 27, 2016, the case was transferred to this district. (ECF No. 6.) Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 11.) Plaintiff's complaint is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## II. Plaintiff's Allegations

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California. Plaintiff appears to name the following defendants: Warden D. Davey; CMO of Corcoran State Prison, and Medical Executive of Corcoran State Prison. The complaint states, in total, the following:

> I'm under multiple violation of my right 1st 5th 6th 14th amendment hindering outgoing mail, denied adequate medical care, 8th amendment violation victim of assault and battery. Having problem with my back, need a cane to walk. I receive injury, breach of contract. I completed int[e]rnal administrative process. Is medical malpractice. See attach declaration and/or summary judgment is required. Victim of appeal restriction victim of assault and battery by 27 officers at Corcoran State Prison.

(ECF No. 1, p. 3.)

Although Plaintiff references a declaration in his statement of his claim, there was no declaration attached to the complaint. Plaintiff seeks monetary damages and sues defendants in their official and individual capacities. (Id.)

## III. Pending Action

On January 20, 2016, Plaintiff filed Martinez v. Davey, et al., No. 1:16-cv-00084-LJO-BAM ("Martinez I").[1] The complaint filed in Martinez I is nearly identical to the complaint Plaintiff later filed in the instant action. The only differences between the complaint filed in Martinez I and the complaint form in the instant action are the addition of a sentence at the end of the Statement of Claim, the removal of any reference to the Clerk of the Court for the Northern District, and the updating of the date on the signature page. (See Martinez I, Compl., Docket No. 1, pp. 1–4; ECF No. 1, pp. 1–4.)

On August 9, 2016, the Court dismissed the complaint with leave to amend. (Martinez I, Order Dismissing Compl. with Leave to Amend, Docket No. 25.) Plaintiff filed a first amended complaint on December 1, 2016. (Martinez I, First Am. Prisoner Civil Rights Compl., Docket No. 37.) The first amended complaint has not yet been screened.

---

[1] The Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

**IV.     Discussion**

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692–94 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To assess whether a claim is duplicative, courts use the test for claim preclusion. "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotations and citations omitted).

As discussed above, the complaint in Martinez I is nearly identical to the complaint form filed in the instant case. The same defendants are named, and the same facts are alleged, except for the addition of a sentence in the Statement of Claim section. In both cases, Plaintiff raises nearly the same claims, apparently arising out of the same events, involving the same parties, and infringing upon the same rights. To the extent that Plaintiff pleaded additional facts in this action, he had the opportunity to include those facts in the first amended complaint filed in Martinez I.

Therefore, the Court finds that this case is duplicative of Plaintiff's prior current pending case because the claims, parties, and requested relief do not significantly differ between the two actions.

///

### V. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed as duplicative within twenty-one (21) days of the date of service of this order. **Failure to comply with this order will result in dismissal of this action, as duplicative, with prejudice.**

IT IS SO ORDERED.

Dated: **June 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE