# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ, | Case No. 1:16-cv-01655-BAM (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING LEAVE TO AMEND |
| v. | |
| D. DAVEY, | (ECF No. 13) |
| Defendant. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 17, 2016, in the Northern District of California. (ECF No. 1.) On October 27, 2016, the case was transferred to this district. (ECF No. 6.) On June 6, 2017, the Court issued an order to show cause why this action should not be dismissed as duplicative of Martinez v. Davey, et al., No. 1:16-cv-00084-LJO-BAM ("Martinez I"), filed on January 20, 2016. Plaintiff filed the instant response on June 14, 2017. (ECF No. 14.)

In his response, Plaintiff states that on October 16, 2016, he submitted two envelopes by prison mail, each containing an amended complaint. Plaintiff states that one amended complaint was filed on December 1, 2016, in Martinez v. Davey, No. 1:16-cv-1658-MJS ("Martinez II").[1]

---

[1] The Court takes judicial notice of the files in Martinez v. Davey, et al., No. 1:16-cv-00084-LJO-BAM ("Martinez I") and Martinez v. Davey, No. 1:16-cv-1658-MJS ("Martinez II"). Fed. R. Evid. 201.

1  Plaintiff believes that the second of his amended complaints was not filed, because that one was

2  regarding the denial of an "Oslen review" only.  Plaintiff attaches copies of 602 third level

3  responses from May 26, 2016.  (ECF No. 14.)

4      The Court notes that the first amended complaint in Martinez II was not filed until March

5  9, 2017.  (Martinez II, First Am. Compl., Docket No. 17.)  However, a first amended complaint,

6  signed by Plaintiff on November 22, 2016, was filed in Martinez I on December 1, 2016.

7  (Martinez I, First Am. Compl., Docket No. 37, p. 12.)  Plaintiff is correct that a first amended

8  complaint was never filed in the instant case.

9      As Plaintiff notes he previously attempted to file a first amended complaint, the Court will

10  discharge the order to show cause and construe Plaintiff's response as a motion to amend the

11  complaint.  Plaintiff is advised that an amended complaint remains subject to the standards for

12  duplicative lawsuits, and may not involve the same claims against the same defendants as his

13  other pending actions.  Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007),

14  ("Plaintiffs generally have no right to maintain two separate actions involving the same subject

15  matter at the same time in the same court and against the same defendant."), overruled on other

16  grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).  Plaintiff also may not change the nature

17  of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

18  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

19      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

20  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

21  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The inquiry into causation must be individualized

22  and focus on the duties and responsibilities of each individual defendant whose acts or omissions

23  are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

24  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

25  right to relief above the speculative level. . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

26  555 (2007) (citations omitted).

27      Plaintiff is reminded that, as stated in the Court's first informational order, the Court will

28  not serve as a repository for evidence, and he need not attach exhibits to his complaint to prove

2

the truth of what is said in the complaint. For Court screening purposes, facts stated in complaints are accepted as true. (ECF No. 8, p. 3.) If Plaintiff feels compelled to submit exhibits with his amended complaint, he is reminded that such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. P. 10(c).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause issued on June 6, 2017, is discharged;

2. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **June 16, 2017**                    /s/ *Barbara A. McAuliffe*   _
                                             UNITED STATES MAGISTRATE JUDGE