# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>D. DAVEY,<br><br>        Defendant. | Case No. 1:16-cv-01655-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>**FOURTEEN-DAY DEADLINE** |

### Findings and Recommendations

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 17, 2016, in the Northern District of California. (ECF No. 1.) On October 27, 2016, the case was transferred to this district. (ECF No. 6.) Plaintiff's first amended complaint, filed on July 13, 2017, is currently before the Court for screening. (ECF No. 17.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events in the complaint are alleged to have occurred while Plaintiff housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants: (1) Warden D. Davey; (2) Deputy Director J. Lewis, M.D.; and (3) Court-Appointed Federal Receiver.

Plaintiff alleges that his Eighth Amendment right to medical records has been violated by defendants. Plaintiff contends that on November 20, 2015, and January 7, 2016, he was denied his medical records. (ECF No. 17 at p. 4.)

Plaintiff further alleges as follows:

> January 01, 2017, an Oslen [sic] Review was submitted requesting of health records of pulmonary consultation from 5/9/16. Of Pages 1of 4 to 4 of 4. From 11/4/16 to 11/13/16. Of pages 1 of 17 to 17 of 17. Of patient pharmacy final report. From 8/9/16 to 8/13/16. From 6/28/16. From 12/1/16. [¶] February 27, 2017, an Oslen [sic] Review was submitted requestin[g] of records from 9/18/16-12/26/16 and 2/22/17. [¶] October 13, 2016, an Oslen [sic] Review was submitted requesting of records from 10/7/16 of pulmonary recommendation. From 9/19/14.-11/4/15 to 11/13/15-and 8/9/16 to 8/13/16. [¶] September 20, 2016, an Oslen [sic] Review was submitted requesting records from 5/9/16-8/9/16 to 8/13/16-12/1/16-and 6/28/16. [¶] May 19, 2017, an Oslen [sic] Review was submitted requesting of records from 10/10/12 to 5/31/17. [¶] On July 3, 2017, an Oslen [sic] review was submitted requesting of records from 11/3/16-5/23/17-8/10/16.

(ECF No. 17 at p. 7.)

### III. Discussion

Plaintiff asserts a claim against defendants for the apparent failure to provide him with an "Olsen review" of his medical records.[1] Plaintiff has no federal constitutional right to an Olsen review or copies of his records. *See Stockton v. Billings*, No. 1:10-cv-00757-GBC (PC), 2011 WL 1459180, *2, *4 (E.D. Cal. Apr. 15, 2011) (finding no protected liberty interest in receiving copies of documents from prison file and no federal constitutional right to an Olson review); *Johnson v. Avenal State Prison Warden*, No. CV F 04 5845 AWI LJO P, 2007 WL 135678, at *4 (E.D. Cal. Jan. 16, 2007) (finding no federal constitutional right to an Olsen review).

Plaintiff appears to contend that the failure to provide him with medical records or an Olsen review violated his Eighth Amendment rights. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). Plaintiff's allegations regarding an Olsen review of his medical records

---
[1] An "Olsen review" (or "Olson review") is an administrative process that provides prisoners with access to non-confidential information in their central files and medical records. *See* 15 C.C.R. § 3450; *see also Whitaker v. Crane*, No. 2:13-cv-00505 KJM DAD P, 2014 WL 3895216, at *1 n.1 (E.D. Cal. Aug. 4, 2014) (describing Olsen review).

3

do not implicate a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. As the deficiencies identified by the Court cannot be cured by amendment, further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts); *Hartmann v. Cal. Dep't of Corrs. and Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4